**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| v. | ) Case No. 1:21-cr-689-ABJ ) |
| THOMAS HAMNER, | ) ) ) |
| Defendant. | ) ) |

**JOINT STATUS REPORT**

The Court ordered the parties to confer and file a joint status report setting forth their

joint or respective positions on a schedule for further proceedings on the remaining counts.

6/16/22 Minute Order.  The Court added the following questions: "Does it make sense to defer

further consideration of those matters until after the sentencing date? Is a status hearing needed?

If the parties intend to move forward on those counts, does the defendant intend to file motions

and if so, how much time is he seeking to do so?" *Id.*

The parties conferred pursuant to the Court's Order.  The government's position is that it

intends to "move forward on the remaining counts of the indictment." Hamner's, meanwhile, is

that the Court's first question is apt, that is, whether it makes sense to defer consideration of

further proceedings on the remaining counts until after the sentencing date.  Hamner believes

judicial economy would be promoted by deferring consideration of further proceedings until

after the sentencing date.[1]  As the parties and Court observed in the change-of-plea hearing on

---

[1] Hamner advises the Court that his position is not currently shared by the government.  Again, when asked to respond to the Court's questions, the government simply replied to Hamner's counsel that its position is that the government "intends to move forward on the remaining counts of the indictment."

1

May 17, the Court will determine at sentencing on September 8 whether Hamner's Count Two conviction under 18 U.S.C. § 231(a)(3) will be scored under U.S.S.G. §2A2.2 (Aggravated Assault) or §2A2.4 (Obstructing or Impeding Officers).  The government has already announced that it will seek application of §2A2.2.  If the Court were to side with the government's sentencing positions, there would be no practical difference between the actual Guidelines range and the range proposed in the government's plea offer to Hamner.  Were it to become apparent that the Guidelines range as scored by the Court matches its plea offer, it is not clear what practical purpose a trial would serve.  As Hamner explained in the change-of-plea hearing, the factual allegations underpinning the count in the government's plea offer, Count One—charging an offense under 18 U.S.C. § 111(a) and (b)— are the same as those underlying Count Two, to which Hamner pleaded guilty.  Thus, even if the government were to prevail at a trial on Count One, Counts One and Two would be grouped—*see* U.S.S.G. §3D1.2(a)—and also scored under §2A2.2, assuming the Court had already sided with the government on that issue at sentencing on September 8.

As indicated, the government's current position is that intends to proceed to trial after sentencing on September 8, no matter the outcome.  However, it seems unlikely that a final decision whether to expend the resources demanded by a trial would take no account of its practical sentencing outcomes and of the Court's related interests in judicial economy.  By the same token, further costly motion practice could be rendered unnecessary by the Court's Guidelines scoring decisions, and general sentencing determinations, on Count Two.  Accordingly, Hamner's position is that the Court should "defer further consideration of those matters until after the sentencing date." 6/16/22 Minute Order.  If, however, the Court disagrees, Hamner requests a motions deadline no earlier than August 15, 2022.  It would be difficult for

counsel to accommodate an earlier deadline given the press of other work.  Hamner has no

objection to a Speedy Trial Act ends-of-justice continuance through sentencing.

Finally, the Court directed defense counsel to "explain his failure to note this matter on

his calendar and to be available to appear on the date and time set at the last hearing." 6/16/22

Minute Order.  Counsel apologizes to the Court for his failure to appear at the June 16 status

conference.  Counsel relies on a calendar in Microsoft Outlook and the scheduling tool in Zoom.

When he has clicked "Yes" on a Zoom invitation, his Outlook calendar incorporates that date

and reminds counsel of the appointment the morning of the hearing.  On this occasion, however,

the only Outlook reminder he received was for another hearing scheduled at the exact same time.

Counsel does not understand how he was able to schedule conflicting hearings in Zoom without

receiving some sort of notice.  On the morning of June 16, he was alerted to a hearing in another

case at 2 p.m. but not the hearing in this matter.  To ensure this does not happen again, counsel

will use an additional calendaring system on top of Zoom/Outlook and will attempt to determine

how he was able to somehow calendar simultaneous hearings in Zoom.  Counsel notes that he is

out of his office and traveling for work this week.  Had he been in his office, he would have seen

this Court's hearing on a physical calendar counsel keeps next to his desktop office computer.

Dated: June 17, 2022                           Respectfully submitted,


                                               */s/ Nicholas D. Smith*
                                               Nicholas D. Smith (D.C. Bar No. 1029802)
                                               7 East 20th Street
                                               New York, NY 10003
                                               Phone: (917) 902-3869
                                               nds@davidbsmithpllc.com

                                               *Attorney for Thomas Hamner*

3

**<u>Certificate of Service</u>**

I hereby certify that on the 17th day of June, 2022, I filed the foregoing filing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

counsel of record.

> */s/ Nicholas D. Smith*
> Nicholas D. Smith (D.C. Bar No. 1029802)
> 7 East 20th Street
> New York, NY 10003
> Phone: (917) 902-3869
> nds@davidbsmithpllc.com
>
> *Attorney for Thomas Hamner*