IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) Case No. 21-cr-689-ABJ ) |
| THOMAS HAMNER, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT HAMNER'S MOTION FOR REVOCATION/AMENDMENT OF DETENTION ORDER

Defendant Hamner, through his counsel, moves the Court to revoke or amend his detention order such that he may be temporarily released pending sentencing, pursuant to 18 U.S.C. §§ 3145(b) and/or 3142(i).

**Factual background**

After his arrest and initial appearance on November 9, 2021, Hamner was ordered detained pretrial on November 15 by a magistrate judge in the U.S. District Court for the District of Colorado. 11/15/21 Detention Order, Exh. 1. The detention hearing was held pursuant to the government's motion under 18 U.S.C. § 3142(f)(1). *Id.* Among other things, the magistrate judge determined that the government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community; and that the government had proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *Id.*

Hamner's court-appointed counsel did not file an opposition to the government's motion

1

to detain him. *United States v. Hamner*, 21-mj-186-SKC (D. Colo. 2021). Thus, the magistrate judge did not have an opportunity to consider whether, and to what extent, Hamner could satisfy a release condition that he "execute a bail bond with solvent sureties." § 3142(c)(1)(B)(xii).

After he was ordered detained, Hamner was transferred to his current facility, Central Virginia Regional Jail in Orange County, Virginia. The jail is approximately a four-hour roundtrip drive from this Court. There is no attorney-client phone line at the jail. Inmates can occasionally use a video-link service called Securus to communicate with their counsel. It costs approximately $45 for every 20-minute conversation.

Because Hamner was charged in connection with the events of January 6, he has been the target of threats and abuse in the jail from inmates. Specifically, he had to be moved to a Special Housing Unit (SHU) for his own safety. Inmates in the SHU are held in solitary confinement. Hamner has been advised that the "Crips" gang in the jail has offered to pay $1,000 to anyone who kills him.

Hamner's father is battling cancer. Ltr. from Keck Medical Center of USC, Exh. 2. "His condition is currently of a life-threatening nature, for which he is receiving intensive treatment with chemotherapy." *Id.* His physician advises that if Hamner is unable to visit his father "at the earliest opportunity," he may never see him again. *Id.*

Hamner's wife will pledge the family's Colorado home as part of Hamner's bail bond. It is now appraised at approximately $500,000. She will also post $50,000 security in cash, everything she can now muster. If the Court does not deem this security sufficient, she will refinance another house in order to raise the requisite funds.

**Argument**

If a person is ordered detained by a magistrate judge, or by a person other than a judge of

a court having original jurisdiction over the offense and other than a federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. § 3145(b). The district court reviews a magistrate judge's detention order *de novo* to determine whether there are conditions of release that will reasonably assure the safety of any other person and the community. *E.g.*, *United States v. Sheffield*, 799 F. Supp. 2d 18, 20 (D.D.C. 2011). The district court may hear additional evidence not presented at the initial detention hearing. *Id.*

"To justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community.'" *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (citing § 3142(f)). The government must show that the arrestee presents "an identified and articulable threat." *Id.* (internal citation omitted). The assessment is not a "backward-looking assessment of the rioters or the riot" but a "forward-looking assessment" of whether the defendant will make good on the "articulable threat" in the future. *Id.* at 1285. In addition, after a person has been detained, "The judicial officer may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." § 3142(i).

Hamner respectfully submits that there is plainly a condition or combination of conditions that will reasonably assure Hamner's appearance and the safety of the community and thus that detention is not warranted. § 3142(e)(1). His wife is willing to pledge as collateral the Hamner family home in Colorado, where their children live. It is appraised at approximately $500,000. The family will also post nearly all the cash they have at hand, $50,000. If the Court

3

deems these securities insufficient, Hamner's wife will refinance another house to raise the necessary funds (the Hamners jointly operate a real estate business). The magistrate judge who detained Hamner was not made aware of these securities. It is inconceivable that Hamner would be willing to forfeit these things, placing his entire family in extreme jeopardy, in order to avoid an appearance in this Court.

That Hamner has already accepted responsibility for a felony charge in this case is a further demonstration of his willingness and ability to comply with this Court's orders to appear in these proceedings. Hamner's wife is also prepared to serve as his third-party custodian "who agrees to assume supervision and to report any violation of a release condition to the court. . ." § 3142(c)(1)(B)(i).

Hamner also submits that other factors support his temporary pretrial release. His father's life-threatening cancer is certainly "another compelling reason" for release pending sentencing. § 3142(i). As the father's physician indicates, if Hamner does not visit his father "at the earliest opportunity," he may never see him again. Exh. 2. The threats on Hamner's own life by the Crips gang in the jail are no less of a "compelling reason" for temporary release.

Finally, Hamner is set to be sentenced on Count Two of the Indictment on September 8. Thus, the risks to the safety of another person or the community from release are greatly diminished by the brief timeframe of release. If Hamner is sentenced to a term of incarceration, his temporary release will run approximately for only two months. Beyond the securities Hamner has offered, the Court could impose strict conditions including GPS location monitoring and home detention that further assure the safety of the community.

For all the foregoing reasons, Hamner respectfully requests that he be temporarily released until sentencing on strict conditions and after posting the aforementioned collateral.

Dated: June 20, 2022                               Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869

**Certificate of Service**

I hereby certify that on the 20th day of June, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869