IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Case No. 21-cr-689-ABJ |
| THOMAS HAMNER, | ) |
| Defendant. | ) |

**DEFENDANT HAMNER'S SUPPLEMENTAL SENTENCING SUBMISSION**

Defendant Hamner, through his counsel, submits this brief supplemental sentencing memorandum in light of the fact that the final presentence investigation report (PSR) was not filed until one day after the parties' sentencing memoranda were due. ECF No. 29.

The PSR assigns Hamner three criminal history points for marijuana-related convictions entered in California state court in 2003. PSR, ¶ 41. As Hamner indicated in his sentencing memorandum, the government initially objected to the assignment of any criminal history points for these convictions for the following reason:

> In paragraph 41 of the PSIR, the defendant is assessed 3 points for his 2003 conviction for marijuana cultivation, possession of controlled substance paraphernalia and illegal possession of explosives. However, upon information and belief, that conviction was set aside on March 3, 2021 pursuant to California Health and Safety Code 11361.8, allowing for resentencing or dismissal under California's Control, Regulate and Tax Adult Use of Marijuana Act. Accordingly, under U.S.S.G. §4A1.2(j), that conviction is not scored.

4/16/22 Gov't Ltr., pp. 3-4.

The government copied the defense on that written objection. However, in a subsequent communication with the Probation Office to which defense counsel was not a party, the government withdrew that objection. PSR, Addendum, p. 32. In its sentencing memorandum,

1

the government explains that the March 2021 dismissal of Hamner's 2003 marijuana-related offenses merely "set aside" those convictions and did not "expunge" them, under the terms of Application Note 10 to U.S.S.G. §4A1.2(j). Gov't Mem., p. 23 n. 7. Section 4A1.2(j) provides that "Sentences for expunged convictions are not counted" in scoring criminal history points. Application Note 10 provides,

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. §4A1.2(j).

U.S.S.G. §4A1.2(j) cmt. n. 10.

The government cites to *United States v. McDonald*, 991 F.2d 866, 871 (D.C. Cir. 1993). That precedent has no application here. In *McDonald*, the defendant agued that the district court wrongly assigned him to criminal history category II by counting a juvenile conviction that had been "set aside" pursuant to the District of Columbia Youth Rehabilitation Act (YRA). 991 F.2d at 871. McDonald had been convicted as a juvenile and sentenced to probation. A local court then discharged him from probation before completion of his sentence. Under the YRA, McDonald's conviction was, in the language of the statute, "automatically set aside." *Id.* *McDonald* held that the defendant's juvenile conviction did not satisfy the counting exemption in U.S.S.G. §4A1.2(j) for two reasons: (1) the YRA explicitly stated that convictions removed from a defendant's record were "set aside," the exact language used in Application Note 10 in contrast with the "expungement" of a criminal record; and (2) as a general matter, a conviction is "set aside," as opposed to "expunged," when its removal from a defendant's record is designed to "serve some social policy goal" such as "encouraging the rehabilitation of juvenile offenders." *Id.*

2

Here, by contrast, the law responsible for dismissal of Hamner's marijuana-related convictions was not designed to "serve some social policy goal" such as rehabilitation of young offenders. Instead, "in 2018, the California legislature passed Health & Saf. Code § 11361.9, requiring that the State identify *sua sponte* all past marijuana convictions that qualify for [sentence] reductions, *expungements*, and recall and re-designate those cases accordingly." *United States v. Valdivias-Soto*, 2020 U.S. Dist. LEXIS 209572, at *8 (N.D. Cal. Nov. 9, 2020) (emphasis added). Unlike the YRA in *McDonald*, the California marijuana conviction expungement law does not reference the "setting aside" of convictions. California Health and Safety Code 11361.8, available at:

https://leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?lawCode=HSC&sectionNum=11361.8.

Rather than serving "some social policy goal," the explicit purpose of the California law is to eliminate convictions that are "*legally invalid*," Health & Saf. Code § 11361.8(b) (emphasis added), because had current substance control acts "been in effect at the time of the offense" the defendant "*would not have been guilty of an offense*." *Id.* § 11361.8(a) (emphasis added). *McDonald* itself calls such a removal of a criminal record an "expungement" because it relates to "legal error." *McDonald*, 991 F.2d at 871. It is no different from retroactive application of a Supreme Court decision that results in legal error in criminal defendants' previous convictions.

Thus, the three criminal history points in PSR ¶ 41 are excluded under U.S.S.G. §4A1.2(j). With those points subtracted, Hamner falls under criminal history category IV. U.S.S.G. § 5, Sentencing Table. Therefore even if the government were correct that Hamner's total offense level is 21—and it is not correct—his Guidelines range would not be 70-87 months' incarceration but instead 57-71 months.

Even if the Court determines that dismissal of the 2003 marijuana convictions was not an "expungement" for purposes of U.S.S.G. §4A1.2(j), it should downwardly depart to criminal history category IV under U.S.S.G. §4A1.3(b)(1) or vary downward to that level. Even if the marijuana convictions were technically "set aside" and not "expunged," it remains the case that these three criminal history points—accounting for a swing from criminal history category IV to category V—"substantially over-represent[] the seriousness of the defendant's criminal history . . .," §4A1.3(b)(1), because the State of California has determined that these are "legally invalid" convictions. Health & Saf. Code § 11361.8(b). To punish Hamner significantly more severely based on a legally invalid conviction would substantially over-represent the seriousness of his criminal history. For similar reasons, the Court should use its authority to downwardly vary to criminal history category IV.

Dated: September 1, 2022                                    Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869

**Certificate of Service**

I hereby certify that on the 1st day of September, 2022, I filed the foregoing document with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869

4