# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 21-cr-689-ABJ |
| | ) |
| THOMAS HAMNER, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT HAMNER'S RESPONSE TO THE COURT'S MINUTE ORDERS

Hamner, by counsel, submits the following response to the Court's minute orders dated January 23 and 24, 2024.

The Court's January 24 minute order directed that:

The defendant is ORDERED to address in the memorandum due at noon on Friday, and the government to address by the same date and time, whether, since Count One specifically alleged that "the acts in violation of this section involve the intent to commit another felony," and the defendant is waiving his right to trial by jury on Count One and agreeing to proceed on stipulated facts, he is stipulating that "the acts in violation of this section involve the intent to commit another felony," or whether that is a disputed determination that must be made by the Court.

First, by agreeing to proceed on stipulated facts, Hamner did not thereby stipulate that "such acts involve . . . [his] intent to commit another felony." 18 U.S.C. § 111(a). Although it sets out a list of "elements," the stipulation does not reference § 111(a)'s penalty elements. ECF 59-1. Hamner thus did not stipulate that the "another felony" penalty element is satisfied, which is therefore a determination that will be made by the Court.[1] That makes sense, as Hamner previously moved to dismiss Count One on the ground that his conviction under Count Two

---

[1] The Indictment does not charge, and thus the grand jury was not asked to find, that Hamner's "acts involve[d] physical contact with the victim of [the] assault. . ." (§ 111(a)). ECF 6, pp. 1-2.

1

could not constitute "another felony," since those counts simply charge the same assault twice and Congress could not have intended to reduce the meaning of the penalty phrase to a mechanical application of *Blockburger v. United States*, 284 U.S. 299 (1932).  ECF 52.  What's needed for an "intent to commit another felony," Hamner argued, is a criminal purpose animating, or at least ancillary to, the § 111(a) assault, for which additional punishment is warranted.  Absent that, the government is alleging that Hamner committed assault with the intent to commit the same assault, a tautology.  The elements separating the §§ 111(a) and 231(a)(3) offenses in Counts One and Two (in the *Blockburger* sense) have nothing to do with the defendant's "intent," § 111(a), but rather are jurisdictional or contextual elements (concerning the riot's effect on commerce, the existence of a civil disorder which need not be triggered by the defendant, etc.).

Second, "[w]hile parties may enter into stipulations of fact that are binding upon them . . . parties may not stipulate to legal conclusions to be reached by the court." *United States v. Flores*, 919 F.3d 613, 619 (D.C. Cir. 2019) (internal quotation marks omitted).  Whether the stipulated facts satisfy § 111(a)'s penalty element is a legal conclusion for the Court, not a stipulation of fact.  (That's why the Court addressed the issue in a Rule 12 motion to dismiss.)

Similarly, Hamner's factual stipulation that, at the time he pushed the sign, "MPD Officer J.C. was assisting the USCP" is binding on him.  ECF 59-1, p. 8.  However, whether that fact is legally sufficient to satisfy the element that MPD Officer J.C. was then "assisting such an *officer or employee*" "of the United States or of any agency in any branch of the United States Government. . .," 18 U.S.C. § 1114(a) (emphasis added), is a "legal conclusion[] to be reached by the court." *Flores*, 919 F.3d at 619.  *See also United States v. Washington*, 79 F.4th 320 (3d Cir. 2023) (de novo review: insufficient § 111(a) evidence where defendant's assault on private

contractors working for federal agency was not linked to the contractors' assistance to specific U.S. "officer[s] or employee[s]," not merely to a federal agency generally); *see also United States v. Oakar*, 111 F.3d 146, 151 (D.C. Cir. 1997) (congressional entities [such as the U.S. Capitol Police] are not "departments" or "agencies" "of the United States"); *United States v. Dean*, 44 F.3d 640, 658-59 (D.C. Cir. 1995) (same); *Hubbard v. United States*, 514 U.S. 695, 115 S. Ct. 1754 (1995) ("[F]airly powerful" contextual evidence is needed to rebut the presumption that the terms "department" and "agency" have the ordinary meanings set forth in 18 U.S.C. § 6.).

The Court's January 23 minute order directed that:

> On October 12, 2023, the Court extended the date for the submission of sentencing memoranda to January 11, 2024. The sentencing is supposed to take place next week, and the defense has yet to file a submission, so the Court does not have his position on the applicable sentencing guidelines, or any updated information about his personal circumstances or other statutory factors. Defendant must either file his submission by Friday, January 26, 2024 at noon or move to continue the proceeding.

Hamner's counsel apologizes to the Court for the delay and any confusion. Counsel did understand that, although Hamner was already sentenced after the parties submitted full sentencing memoranda (ECF Nos. 27, 28 31), the government might submit an additional "sentencing memorandum" for the stipulated trial hearing on February 1. But counsel did not believe that additional defense briefing was necessary, given the Court's rulings and clear remarks in the initial sentencing hearing held on September 23, 2022.

The Court sentenced Hamner to a period of 30 months' incarceration on Count Two, a felony conviction under § 231(a)(3), a term that he has already served after having spent months in pretrial confinement, which period included harsh conditions of confinement such as long stretches of solitary confinement. Sentencing Tr., p. 56. Most important for present purposes, the Court added that this sentence was:

3

>based on a consideration of all the statutory factors, as well as the recommended sentencing guideline range **under both §§ 2A2.4 and 2A2.2**, and **it would be my sentence no matter which calculation I ultimately determined should apply.**

Sentencing Tr., p. 6:7-11 (emboldening added).

In any case, the Court rejected the government's argument that the guideline in §2A2.2 applied because the facts here did not support the definition of aggravated assault generally and particularly since the § 111(a) charge in Count One was not "another felony" (in the sense meant by §2A2.2 cmt. n. 1(D)) when sentencing Hamner on the § 231(a)(3) charge in Count Two. As the Court then explained:

>It strikes me that if the Commission is asking: Did you commit the assault with the intent to commit some other offense? It didn't mean with the intent to commit that exact same assault, just charged differently. They could have easily defined "another offense" as any offense with any different elements that's a different offense, but they didn't. It's also important to note that the cross reference says you go to aggravated assault if the assault on the police officer involved the intent to commit another felony, not the same intent needed to satisfy the elements of another felony, not that it was committed during the commission of another felony. This suggests that the guideline is meant to cover just the situation in the cases that [the government] cited, where the assault on the police officer is intended to facilitate or further or advance or succeed in the commission of or evasion of apprehension for a second, different crime.

Sentencing Tr., p. 21.

The Court was right. The same reasoning applies when the question is inverted: Hamner's § 231(a)(3) conviction is not "another felony" if he is sentenced on the § 111(a) count because the government has simply alleged the "exact same assault, just charged differently." *Id*.

The Court reviewed all relevant evidence in this case, and all the § 3553(a) factors, when it sentenced Hamner to 30 months' incarceration in September 2022. Hamner served his sentence and has returned to his family in Colorado. His young children have been reunited with their father. Hamner has restarted his life by furiously making up for lost time that imposed significant costs on his remodeling and home improvement business. In doing so, he has relied

4

on the Court's statement that its previous sentence would be the judgment imposed "no matter which [guidelines] calculation [it] ultimately determined should apply." Sentencing Tr., p. 6:7-11. At sentencing, Hamner expressed deep and credible remorse for all his conduct that day. *Id.*, pp. 37-42.

The government proposes sending Hamner back to prison, upsetting expectations set by the Court on which the defendant and his family relied. It proposes doing this not to punish Hamner for a unique, additional crime but based on the statutory tautology and hypertechnical point that Hamner committed an assault in order to commit the same assault (albeit in such a way that is not prohibited under *Blockburger*). To follow that suggestion would not be to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing. § 3553(a). It would be to impose a punishment both arbitrary and unnecessary.

Accordingly, Hamner respectfully requests that if the Court should find him guilty of Count One, it impose a sentence of time served.

Dated: January 25, 2024                     Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869

## Certificate of Service

I hereby certify that on the 25th day of January, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

                                              */s/ Nicholas D. Smith*
                                              Nicholas D. Smith (Va. Bar No. 79745)
                                              1123 Broadway, Suite 909
                                              New York, NY 10010
                                              Phone: (917) 902-3869